UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL BAILEY, | § § | |
| Plaintiff, | § § | CAUSE NO.: 5:15-cv-00912 |
| vs. | § § § | |
| SANTANDER CONSUMER USA INC., d/b/a SANTANDER AUTO FINANCE, | § § § § | |
| Defendant. | § | |

## COMPLAINT

### INTRODUCTION

1.  Plaintiff Michael Bailey brings this action to secure redress from unlawful collection practices engaged in by defendant Santander Consumer USA Inc., doing business as Santander Auto Finance.

2.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The TCPA restricts the use of automated equipment to dial cellular telephones

### VENUE AND JURISDICTION

3.  This Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendant's collection communications were received by plaintiff within this District;

    b.  Defendants do or transact business within this District.

### PARTIES

5.  Plaintiff Michael Bailey is an individual who resides in San Antonio, Texas.

6.  Defendant Santander is an Illinois corporation with its principal place of business at 1601 Elm Street, Dallas, TX 75201 and offices at 1010 W. Mockingbird Lane, Suite 100,

Dallas, TX 75247. Its registered agent and office is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## FACTS

7. Plaintiff financed a car purchase in January 2008. The original finance company was HSBC.

8. Thereafter, plaintiff was notified to make payments to Santander.

9. Plaintiff obtained his current cell phone number (xxx-xxx-2292) through Verizon in late 2013.

10. At no time did plaintiff provide his current cell phone number to Santander for any purpose.

11. Plaintiff did not authorize the automated placement of calls to his cell phone.

12. Plaintiff has called Santander from his cell phone to make payments over the phone. On information and belief, Santander captured the number from the incoming call and put it into its system.

13. Santander has called plaintiff on his current cell phone number more than 200 times for collection purposes. The telephone number, 888-222-4227, appears in connection with these calls.

14. The number 888-222-4227 is used by Santander. (Exhibit A)

15. Plaintiff has repeatedly asked Santander to not call his cell phone.

16. Santander ceases calling for a short period after plaintiff complains, and then resumes.

17. The calls are placed using an automated telephone dialing system.

18. On those occasions when plaintiff answers, there is a substantial delay before a live person comes on the line.

19. This delay is characteristic of a predictive dialing system, in which a computer places large numbers of automated calls when it "predicts" a representative will be available to

handle the call if someone answers.  Often the "prediction" is a few seconds off.  If a person manually dialed the call, he or she would be there immediately to respond if someone answers.

20. Santander was found to have an automated telephone dialing system in prior litigation. *Nelson v. Santander Consumer USA, Inc.*, 931 F.Supp.2d 919 (W.D.Wisc. 2013), later vacated pursuant to settlement.

21. Plaintiff is entitled to statutory damages.

22. Defendant violated the TCPA even if its actions were only negligent. However, based on the placement of calls after plaintiff told Santander to stop, as well as prior litigation against Santander, *Nelson v. Santander Consumer USA, Inc.*, 931 F.Supp.2d 919 (W.D.Wisc. 2013), later vacated pursuant to settlement, the violations were willful.

23. Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

24. Plaintiff incorporates paragraphs 1-23.

25. The TCPA, 47 U.S.C. §227, provides:

> **§ 227.  Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> > **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
> >
> > > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

26. The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

27. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

   a.   Statutory damages;

   b.   An injunction against further violations;

   c.   Costs of suit;

   d.   Such other or further relief as the Court deems just and proper.

DATED:   October 21, 2015

Respectfully submitted,

s/ Daniel J. Ciment
 Daniel J. Ciment
Attorney-in-Charge
Texas Bar No. 24042581
HESTON CIMENT, PLLC
1800 South Mason Road, Suite 240
Katy, Texas 77450
Telephone: (713) 270-4833
Facsimile: (713) 583-9296

James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

20 South Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\31698\Pleading\Complaint (Revised)_Pleading.wpd

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.


                                                s/Daniel J. Ciment
                                               Daniel J. Ciment

Daniel J. Ciment
Texas Bar No. 24042581
HESTON CIMENT, PLLC
1800 South Mason Road, Suite 240
Katy, Texas 77450
Telephone: (713) 270-4833
Facsimile: (713) 583-9296

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel J. Ciment
Daniel J. Ciment